## Case No. 1,413.

### BINGHAM v. FROST.

### SAME v. WILLIAMS.

[6 N. B. R. 130.][1]

District Court, N. D. New York. Jan. 9, 1872.

BANKRUPTCY—FRAUDULENT TRANSFERS—"CON-VEYANCE"—MORTGAGE.

The word "conveyance" in the bankrupt act is a generic term, including all proceedings to dispose of or encumber property in derogation of the equality of creditors, with intent by such disposition either to defeat or delay the operation of the act; hence it includes mortgages on real estate which, if given contrary to the provisions of the thirty-ninth section, are void, and deprives the mortgagee of all right to prove his claim in bankruptcy, even though he should be willing to surrender his rights under the mortgage.

[See Bingham v. Richmond, Case No. 1,415.]

[In equity. Bills by Charles S. Bingham, as assignee in bankruptcy of David S. Wing, against Frost and against Williams, to restrain proof of debts. Opinion of referee in favor of complainant.]

Opinion of J. D. HUSBANDS, Referee. My opinion in the case of this plaintiff against Richmond & Gibbs [Case No. 1,415] applies to these cases if a mortgage on real estate is included in the word "conveyance," as used in and within the meaning of sections 14 and

39 of the bankrupt act, [March 2, 1867; 14 Stat. 522, 536.] These cases forcibly illustrate the hindrances and delay produced by mortgages. Section 14 provides that all property conveyed by the bankrupt in fraud of his creditors vests in the assignee. Section 39 enacts that the creditor receiving a conveyance contrary to the act shall not be allowed to prove his debt in bankruptcy. If it be not a conveyance within the meaning of the act, the assignee is not vested with the title to the land under section 14 as against the mortgages, because this section relates to fraudulent conveyances, and it is the provision that makes it his duty to invoke the aid of the court to annul the fraudulent proceedings. Bump, Bankr. (3d Ed.) 297, and cases cited. In this state the title remains in the mortgagor and descends to his heirs and the interest of the mortgagee is a chattel interest. But the word "conveyance," in the bankrupt act, is a generic term, including all proceedings to dispose of or encumber property in derogation of the equality of creditors, with intent by such disposition either to give a preference or to defeat or delay the operation of the act. Its elementary definition, therefore, is to be ascertained. Bouvier defines a legal mortgage of lands to be a conveyance of lands by a debtor to his creditor as a pledge or security, &c., with a proviso. See, also, 1 Rev. St. marg. p. 762, § 38. 4 Kent, Comm. 136, says: "A mortgage is the conveyance of an estate by way of pledge for the security of a debt, and to become void on payment of it." 1 Washb. Real Prop. 475, defines a mortgage to be an estate created by a conveyance absolute in its form, but intended to secure, &c.

Books of forms have a heading of "Conveyances by Deed or Mortgages." See Clerk's Assistant. The form of a mortgage is a grant, &c., and this conveyance is intended as a security. Such also is the definition in the United States courts. Marshall, C. J., in U. S. v. Hooe, 3 Cranch, [7 U. S.] 73, says: "The difference is a marked one between a conveyance which purports to be absolute and a conveyance which from its terms is to leave the possession in the vendor. If in the latter case the retaining possession was evidence of fraud no mortgage would be valid." In Conard v. Atlantic Ins. Co., 1 Pet. [26 U. S.] 441, it is said that "a mortgage is a conveyance of property and passes it conditionally," which is stated as a very plain proposition, and Story, J., adds: "A mortgage is a lien for a debt and something more. It is a transfer of the property itself as a security for the debt." In Wilkins v. Wright, [Case No. 17,666,] the court says that the distinction between a trust deed and a mortgage is somewhat technical. I cannot divest myself of the idea that the word "conveyance," as used in sections 14 and 39 of the act, includes mortgages, and therefore these mortgages to the defendants. It may be proper for me to say that I think there is a

[1] [Reprinted by permission.]
3 FED. CAS.—26

construction which can reconcile sections 23 and 39. Section 23 is negative, denying the right to prove a preferred debt in any case without a surrender; but it nowhere declares that in all cases of surrender the debt may be proved. Then comes section 39 in involuntary bankruptcy, which declares that in cases described in that section, the debt shall not be proved at all in bankruptcy. Where is the repugnance? Read together in this view as it is, in case of any preference whatever, a surrender must be made in order to prove the debt, but in cases specified in section 39, such creditor as is therein defined, "shall not be allowed to prove his debt in bankruptcy." Thus they are in harmony. If section 23 had provided that in all cases of surrender the debt may be proved, this construction could not be given to it; but it has not. There is no case of preference out of section 39 where the debt can be proved without a surrender. There is no case within it where it can be proved, because this section in so many words forbids it; the creditor in a certain sense being a party to the fraud on the act. It is observable that in most of the cases stating that section 39 is qualified by section 23, the question was not involved, for the debt was held not provable for other reasons. I cannot allow myself to legislate where such a distinction may be given in order to follow the opinion of judges for whom I have great respect. My duty is done by taking the statute as I find it. The complainant is entitled to a decree.